# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TERESSA GREER,

    *Plaintiff,*

v.

SOUTHWESTERN BELL TELEPHONE COMPANY,

    *Defendant.*

Case No. 18-1312-EFM

## MEMORANDUM AND ORDER

The Court is presented with Defendant Southwestern Bell Telephone Company's ("SBTC") Motion to Dismiss for Failure to State a Claim for Counts 2, 3, and 4 of Plaintiff Teressa Greer's complaint (Doc. 6). For the reasons that follow, the motion is granted.

### I. Factual and Procedural Background[1]

From 2000 to 2017, Greer worked as a customer service representative for SBTC's AT&T branch. Greer also held the position of secretary/treasurer for her union, the Communication Workers of America.

---

[1] The facts come from Greer's complaint and are taken as true for the purposes of this ruling.

In 2016, Greer received multiple complaints about three of the managers at the office: Charlie McGee, Myesha Peterson, and Sherelle Bolden-Humphrey. At least one employee complained that McGee sexually harassed her. Other employees brought to Greer's attention an inappropriate relationship between Peterson and her subordinate, Marcus Martinez. Others complained of a pattern of inappropriate fraternization and fraud among the staff.

With these allegations in mind, Greer called a supposedly confidential meeting with herself, Nancy Fantroy (another union leader), and Jonathan Wilson, the manager of McGee, Peterson, and Bolden-Humphrey. Upon learning of this meeting from Wilson, Peterson allegedly proclaimed to the staff that "'Union' is going to get everyone fired." Greer claims that the woman who made the sexual harassment allegation threatened to "shoot 'Union' in the face," not wanting the accusation reported. Wilson reputedly refused to address his role in breaking the confidentiality of the meeting, instead ominously telling Fantroy "I hope no one brings a gun to work."

After these incidents, Greer claims that SBTC moved her desk and moved her to an unfamiliar position with no training. She also alleges that the sales team left her out of important meetings. As a result, she contacted Rick Eddy, Wilson's supervisor, to complain of retaliation and reiterate the inappropriate relationship between Peterson and Martinez. Eddy requested proof of this relationship, so she took photos of Martinez' car outside Peterson's house.

On one of Fantroy and Greer's regular union visits, Greer asserts, Martinez followed them, having been advised that they were spying on him. Martinez angrily confronted and threatened the pair, and the parties called 911 on each other. Greer reported this incident to Wilson. Nothing apparently came of this, and Greer was eventually laid off.

Greer filed this suit against SBTC for retaliation under Title VII (Count 1), and negligent hiring/retention, training, and supervision (Counts 2-4). The defendant now moves to dismiss Counts 2-4 under Rule 12(b)(6), arguing that these counts fail to state a claim upon which relief can be granted.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal when the plaintiff has failed to state a claim upon which relief can be granted. [2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" [3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. [4] The court is required to accept the factual allegations in the complaint as true, but is free to reject legal conclusions. [5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims and the grounds on which the claim rests. [6]

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *McKenzie v. Office Depot Store*, 2012 WL 586930, at *1 (D. Kan. 2012).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

## III.  Analysis

### A.  Negligent Retention, Supervision, and Training

Greer claims that SBTC was negligent in retaining and failing to train and supervise McGee, Peterson, and Martinez, which caused her emotional and physical harm.  SBTC moves to dismiss, arguing that Greer's status as an employee prevents her from recovering for negligent retention, supervision, and training.

Every employer has a duty to "hire and retain only safe and competent employees." [7]  To establish a breach of this duty (negligent retention), the plaintiff must show that the employer had reason to believe that the employee's dangerous "quality or propensity" created an undue risk to others and kept the employee on anyway. [8]  The harm sued for must have been within such risk.[9]

Negligent supervision and training are in the same vein as negligent retention.  Negligent supervision requires that the employer fail to supervise their employee while having "reason to believe that the employment of the employee would result in an undue risk of harm to others." [10]  Similarly, an employer may also be responsible for injury caused by the employee that could have been prevented with better training. [11]

---

[7] *Plains Res., Inc. v. Gable*, 235 Kan. 580, 590 (1984).

[8] *Schmidt v. HTG, Inc.*, 265 Kan. 372, Syl. ¶ 10 (1998).

[9] *Id.*

[10] *Wayman v. Accor N. Am. Inc.*, 45 Kan. App. 2d 526, 541 (2011).

[11] *Estate of Belden v. Brown Cty.*, 46 Kan. App. 2d 247, 283 (2011).

An employee who has been injured by a coworker cannot recover against her employer for negligent retention, supervision or training; recovery is generally limited to third parties. [12] This is based on the principle that "an employer is not responsible for its employee's unauthorized acts committed outside the scope of the employee's duties," and the employee's duties do not include the way she treats other employees. [13] For the same reason, harassment by a coworker will not constitute an actionable injury for the purposes of negligent supervision or training. [14]

For example, in *Wood v. City of Topeka*,[15] the court granted summary judgment to the employer on the employee's claim that the employer was liable for the negligent retention and supervision of a supervisor who discriminated against him based on his age. In *Fiscus v. Triumph Group Operations*,[16] the plaintiffs argued their employer negligently trained and supervised its employee with respect to sexual harassment. The court refused to recognize the employees' claims, because that would be an overexpansion of the law: "this cause of action, if recognized, 'would necessarily arise any time a middle level supervisor engaged in

---

[12] *Forbes v. Kinder Morgan, Inc.*, 172 F. Supp. 3d 1182, 1201 (D. Kan. 2016) (citing *Beam v. Concord Hosp., Inc.*, 920 F. Supp. 1165, 1165 (D. Kan. 1996)); *Wood v. City of Topeka,* 90 F. Supp. 2d 1173, 1195 (D. Kan. 2000) ("Kansas law does not authorize claims for negligent supervision and retention in typical employment-related litigation.").

[13] *Beam*, 920 F. Supp. at 1168.

[14] *See Fiscus v. Triumph Grp. Ops., Inc.*, 24 F. Supp. 2d 1229, 1242-43 (D. Kan. 1998); *Lawyer v. Eck & Eck Mach. Co.*, 197 F. Supp. 2d 1267, 1277 (D. Kan. 2002).

[15] 90 F. Supp. 2d.

[16] 24 F. Supp. 2d.

discriminatory conduct. We think it unlikely that the Kansas courts would adopt a liability rule with such broad implications.'" [17]

Greer disputes this rule, and cites the Kansas Supreme Court in *Schmidt v. HTG*[18]: "The existence of a duty to the injured party was based on actions against a customer or coworker." However, *Schmidt* is distinguishable in two ways. First, it was an action by a third party, the parents of the woman whose rape and murder formed the basis for the negligence claim. [19] Greer makes this claim herself. Second, the victim in *Schmidt* was not working for the defendant when her former coworker raped and killed her. [20] Greer, by contrast, brings this action based on events that took place while she was employed. *Schmidt* is no exception to the rule that an employee cannot sue her employer for negligent retention, training, or supervision.

Even accepting the allegations in the complaint, it is clear that Kansas law precludes recovery by an employee for the employer's negligent training, supervision, or retention. SBTC is thus entitled to dismissal on Counts 2-4.

## IV. Conclusion

The Court grants dismissal on Counts 2, 3, and 4 of Greer's complaint because Kansas law does not allow recovery for negligent retention, supervision, or training when an employee makes the complaint.

---

[17] *Fiscus*, 24 F. Supp. 2d at 1243 (quoting *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990)).

[18] *Schmidt*, 265 Kan. at 401.

[19] *Id*. at 374.

[20] *Id.* at 376, 378.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Counts 2, 3, and 4 for Failure to State a Claim (Doc. 6) is hereby **GRANTED.**

**IT IS SO ORDERED.**

Dated this 27th day of June, 2019.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE